

SEALED FILED

APR 17 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Applicant
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE           )   1:13 SW - 00087 GSA
APPLICATION OF THE UNITED      )
STATES OF AMERICA              )   **UNDER SEAL**
FOR AUTHORIZATION TO OBTAIN    )
LOCATION DATA CONCERNING       )   ORDER
CELLULAR TELEPHONE ASSIGNED    )
MOBILE DIRECTORY NUMBER (MDN)  )
(559) 970-7914                 )
_____)

Application having been made by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 directing AT&T to assist agents of the Drug Enforcement Administration (DEA) by providing all information, facilities and technical assistance needed to ascertain the physical location of the cellular telephone assigned Mobile Directory Numbers (MDN) (559) 970-7914, serviced by Sprint/Nextel, believed to be used by Natalie Middelton, and subscribed to by Natalie MIDDLETON, 227 Vidal Dr., San Francisco, California (referred to herein as the "TARGET TELEPHONE"), including, but not limited to, data indicating the specific latitude

and longitude of (or other precise location information concerning) the TARGET TELEPHONE (the "Requested Information"), for a period of thirty (30) days;

The Court finds that there is probable cause to believe that the Requested Information is necessary to determine the approximate location of MIDDLETON, so that law enforcement agents can conduct physical surveillance of MIDDELTON to further identify the scope of this drug trafficking organization.

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 that Sprint/Nextel, beginning at any time within ten (10) days of the date of this Order and for a period not to exceed thirty (30) days from the date of this Order, provide to agents of the DEA via e-mail the Requested Information[1] concerning the TARGET TELEPHONE, with said authority to extend to any time of the day or night as required, including when the TARGET TELEPHONE leaves the Eastern District of California; all of said authority being expressly limited to ascertaining the physical location of the TARGET TELEPHONE and expressly excluding the contents of any communications conducted by the user(s) of the TARGET TELEPHONE.

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET TELEPHONE at the start and end of any call.

It is further ORDERED that Sprint/Nextel, the service provider for the TARGET TELEPHONE, initiate a signal to determine the location of the subject's mobile device on the Sprint/Nextel network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as Sprint/Nextel accords the user(s) of the TARGET TELEPHONE.

It is further ORDERED that the DEA compensate Sprint/Nextel for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Application and Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and Sprint/Nextel as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the execution of the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: April 17, 2013

GARY S. AUSTIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF CALIFORNIA